UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――

CALVIN MAYS,

                             Petitioner,

        -vs-

MICHAEL CAPRA, Superintendent,
Sing Sing Correctional Facility,

                           Respondent.

**No. 6:14-CV-06075 (MAT)**
**DECISION AND ORDER**

―――――――――――――――――――――――――

## I.   Introduction

Calvin Mays ("petitioner"), proceeding *pro se*, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated pursuant to a judgment entered November 29, 2007, in New York State Supreme Court, Monroe County (Ark, J.), following a jury verdict convicting him of two counts each of robbery in the first degree (N.Y. Penal Law § 160.15(4)) and robbery in the second degree (N.Y. Penal Law § 160.10(1)).

## II.  Factual Background and Procedural History

By indictment number 2006-0955B, a Monroe County Grand Jury charged petitioner with three counts each of robbery in the first degree and robbery in the second degree. The indictment alleged that: on October 21, 2006, petitioner and a co-defendant robbed a Fastrac store, stealing a sum of money; on November 28, 2006, petitioner and two co-defendants robbed a Wilson Farms store, stealing a sum of money; and on November 28, 2006 petitioner and

two co-defendants robbed one Stephanie Ratcliffe, stealing her purse.

Petitioner was tried, separate from his co-defendants, by a jury. The Fastrac incident was captured by surveillance video, which was shown to the jury during the course of the trial. During deliberations, the jury sent a note requesting to see the video again. At the trial judge's instruction, the prosecutor played the video back to the jury through a computer projected onto a television screen. During playback, "jurors called out various requests – i.e., to reduce the glare from courtroom lights, to play the video again, to freeze a view – which the prosecutor accommodated. This resulted in some back-and-forth between jurors and the prosecutor, on the order of 'Can you freeze it?' 'I just did'; and 'Do you want to see it again?' 'Yes.'" People v. Mays, 982 N.E.2d 1252, 1253 (N.Y. 2012).

The jury convicted petitioner of the November 28, 2006 crimes, but acquitted him of the Fastrac incident which had been captured on surveillance video. On November 29, 2007, petitioner was sentenced, as a persistent violent felony offender, to concurrent indeterminate terms of 25 years to life imprisonment. He filed a counseled direct appeal with the New York State Supreme Court, Appellate Division, Fourth Department, arguing that even though trial defense counsel did not object to the prosecutor communicating with the jury during playback of the video surveillance, the trial court nevertheless violated New York

2

Criminal Procedure Law ("CPL") § 310.30 when it allowed the prosecutor to do so. The Fourth Department affirmed his conviction, with two Justices dissenting. See People v. Mays, 85 A.D.3d 1700 (4th Dep't 2011), aff'd, Mays, 982 N.E.2d 1252.

The petition argues that trial counsel was ineffective for failing to object to the prosecutor's communication with the jury during playback of the surveillance video, and that the trial court erred in allowing such communication.

## III. Standard of Review

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to this petition. AEDPA "revised the conditions under which federal courts may grant habeas relief to a person in state custody." Kruelski v. Connecticut Super. Ct. for Judicial Dist. of Danbury, 316 F.3d 103, 106 (2d Cir. 2003) (citing 28 U.S.C. § 2254). Under AEDPA, a federal court may grant a writ of habeas corpus under 28 U.S.C. § 2254 only if the state court's adjudication of the petitioner's claim on the merits is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or involved an "unreasonable determination of the facts" in light of the evidence presented. 28 U.S.C. § 2254(d)(2).

## IV. Grounds Asserted in the Petition

### A.    CPL § 310.30 Error (Grounds Two through Four)

Petitioner's grounds two through four argue that the trial court erred in allowing the prosecutor to communicate with the jury during deliberations. Petitioner claims that this alleged error violated his rights to a fair trial (ground two), due process (ground three), and equal protection (ground four). On direct appeal, however, petitioner framed the issue in exclusively state law terms.[1] Petitioner argued that the alleged error violated CPL §310.30, which provides that upon a jury's request for reinstruction or information "the court must direct that the jury be returned to the courtroom and, after notice to both the people and counsel for the defendant, and in the presence of the defendant, must give such requested information and instruction as the court deems proper." Petitioner's counseled appellate brief argued that the trial court's allowance of the prosecutor's communication with the jury violated CPL § 310.30 and constituted a mode of proceedings error such that preservation was not required.

The Fourth Department found that the issue was unpreserved for review, and declined to reach it in the interest of justice. Mays,

---

[1] To the extent that petitioner's arguments raise issues only of state law, they are not cognizable on habeas review in any event. See generally 28 U.S.C. § 2254(a) (permitting federal habeas review only for alleged violations of the Constitution or a federal law).

85 A.D.3d at 1700. The court found that, contrary to petitioner's argument on appeal, preservation of the claim was required because "there was no significant departure from the organization of the court or the mode of proceedings prescribed by law." Id. In affirming the Fourth Department's decision, the Court of Appeals agreed that the "prosecutor's communications with the jury were ministerial," and were "not the kind of substantive response" that would implicate a mode of proceedings error; therefore, the Court of Appeals held that "preservation was required." Mays, 982 N.E.2d at 971. The Court of Appeals emphasized that petitioner was acquitted of all charges allegedly captured by the surveillance video.

Because the state courts relied on a state procedural rule to reject petitioner's argument, the claim is precluded from habeas review pursuant to the adequate and independent state ground doctrine. See, e.g., Richardson v. Greene, 497 F.3d 212, 218 (2d Cir. 2007) (recognizing New York's contemporaneous objection rule as an adequate and independent state ground barring habeas review); Switzer v. Graham, 2010 WL 1543855, *4 (W.D.N.Y. Apr. 16, 2010). Accordingly, petitioner's second through fourth grounds are dismissed.

### B.   Ineffective Assistance of Counsel (Ground One)

Petitioner contends that trial counsel was ineffective for failing to object to the court's allowance of the communication

5

between the prosecutor and the jury during deliberations. Petitioner did not raise this issue on direct appeal, nor did he raise any collateral attack to his judgment of conviction. Petitioner has given no excuse for his failure to raise this argument at the state level. In the absence of a showing of good cause, the Court cannot entertain petitioner's procedurally defaulted claim. See, e.g., Powell v. Kaplan, 2016 WL 2925979, *10 (W.D.N.Y. May 19, 2016) (citing Rhines v. Weber, 544 U.S. 269, 277 (2005)).

Notwithstanding petitioner's failure to exhaust the claim, it fails on the merits. See, e.g., Thomas v. New York, 2011 WL 2436661, *2 (W.D.N.Y. June 14, 2011) (citing 28 U.S.C. § 2254(b)(2)). Both state appellate courts found that the trial court allowed merely "ministerial" communications between the prosecutor and the jury, holding that the trial court did not violate CPL § 310.30. Therefore, any objection by defense counsel likely would have been meritless. Defense counsel, of course, cannot be ineffective for a failure to raise a meritless argument. See Aparicio v. Artuz, 269 F.3d 78, 88, 99 (2d Cir. 2001).

## VI. Conclusion

For the foregoing reasons, petitioner's request for writ of habeas corpus is denied, and the petition (Doc. 1) is dismissed. Because petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the

Court declines to issue a certificate of appealability. The Clerk of the Court is requested to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**
_____
   HON. MICHAEL A. TELESCA
United States District Judge

Dated:    September 22, 2016
          Rochester, New York.